FILED
at _11_ O'clock & _45_ min _a_ M
Date_ June 3, 2005

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

United States Bankruptcy Court
Savannah, Georgia  cR

IN RE:                          )CHAPTER 13
                                )CASE NO. 04-51703-JDW
RYAN DALTON THORNTON,           )
                                )
              DEBTOR             )

ORDER ON APPLICATION FOR APPROVAL
OF EMPLOYMENT OF ATTORNEY AND MOTION TO SETTLE
PERSONAL INJURY CLAIM

    Debtor filed this Chapter 13 case on October 12, 2004.

According to applicant's application for approval of

employment of attorney, Debtor was injured in an automobile

collision occurring prior to the filing of the case on

December 4, 2003.  The application was filed by the law

offices of Benjamin S. Eichholz, P.C., on April 8, 2005,

almost six months following the filing of the case.  The

application for approval of employment of attorney was

accompanied by a motion to settle personal injury claim.  A

hearing on the two motions was conducted on the 18th day of

May, 2005, in Waycross, Georgia, pursuant to notice.

    Applicant did not appear at the hearing.  Debtor appeared

at the hearing to oppose the application.  The details of the

"representation" of Debtor by Mr. Eichholz are alarming to the

Court.

    Debtor testified that he never met a lawyer.

Furthermore, Debtor testified that he never met anyone from

Mr. Eichholz's office in person and instead was represented

via telephone conversations and mail correspondence.  The foregoing, of course, precludes the possibility that the Debtor would have ever met his lawyer, the applicant, Mr. Eichholz.

Lastly, and most alarming, is the allegation by Debtor that the "settlement" was reached without his consent.  Debtor admits that he did receive an offer of less than $5,000 communicated to him by an employee in Mr. Eichholz' office. Debtor testified that he rejected that offer.

The Court is mindful of the hazards in coming to a conclusion after hearing only one side of a case.  Perhaps this Debtor has met a lawyer in person and simply fails to recall the event.  Perhaps Debtor fails to recall a conversation with Mr. Eichholz where he communicated the settlement offer and received Debtor's authorization to consummate the settlement.

Aside from the fact that Mr. Eichholz should have been in court at the hearing to present his application and demonstrate to the Court the adequacy of his representation and the sufficiency of the settlement, the Court will not assume the Debtor's version is correct until one additional opportunity is provided for Mr. Eichholz to correct the record made by the testimony of the Debtor at the first hearing. Accordingly, the Court will convene another hearing on Mr. Eichholz' two motions on **Friday, June 24, 2005**, at **10:00 a.m.**

in Waycross, Georgia.  The applicant, Mr. Eichholz, is hereby

ordered to appear at that hearing to present the facts

concerning the application.

　　　SO ORDERED, this 24th of May, 2005.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Hon. James D. Walker, Jr.
　　　　　　　　　　　　　　　　United States Bankruptcy Court

cc:  Debtor *Thornton*
　　　Debtor's Atty. *Little*
　　　Creditor
　　　Creditor's Atty. _____
　　　Trustee *massey*
　　　U. S. Trustee
　　　*Eichholz*   *6/3/05 cR*